# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Exelco NV,<br><br>      Debtor. | Chapter 15<br><br>Case No. 17-12409 (___) |

### DECLARATION OF FRANS DE ROY IN SUPPORT OF CHAPTER 15 PROCEEDINGS FOR EXELCO NV

    I, Frans De Roy, hereby declare under penalty of perjury under the laws of the United States:

    1. I am one of two Permanent Trustees in Bankruptcy (each a "Trustee in Bankruptcy," and with Mr. Benny Goossens, the "Trustees in Bankruptcy") for Exelco NV, a Belgian Company ("Exelco"), appointed by the Commercial Court of Antwerp, Belgium, Antwerp Division (the "Belgian Court") by order dated November 2, 2017 (the "Permanent Order"), a copy of which is attached hereto as **Exhibit A**.

    2. Each of the Trustees in Bankruptcy has independent full authority to act on behalf of Exelco without obtaining the written consent of the other Trustee in Bankruptcy.

    3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently hereto. All statements made herein are true and correct to the best of my knowledge, information, and belief.

    4. On July 26, 2017, Exelco voluntarily filed a petition with the Belgian Court to obtain the opening of a judicial reorganization process. Exelco was active in pursuing this bankruptcy petition before the Belgian Court prior to its chapter 11 filing.

5.  On September 13, 2017, Exelco's principal Belgium-based creditor, KBC Bank NV ("KBC"), commenced an involuntary insolvency proceeding against Exelco ("KBC's Premature Termination Writ"). Specifically, KBC filed a petition with the Belgian Court to end the judicial reorganization process, and, subsequently to declare Exelco bankrupt. KBC's involuntary proceeding is a purely Belgian dispute derived from Exelco's default on a credit facility under Belgian law it had entered with KBC. KBC based the petition on, among other things, Exelco's concealment of negative financial figures, Exelco's refusal to rightfully hand over inventory to KBC, alleged fraudulent transfers to Exelco affiliates, the despairing state of Exelco's management, and the apparent loss of $15 million worth of diamonds with no apparent decrease in the company's liabilities in just a six month period. *See* KBC's Premature Termination Writ, at 3–9. A copy of KBC's Premature Termination Writ is attached hereto as **Exhibit B**.

6.  On September 26, 2017, Exelco filed a voluntary petition for relief under chapter 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code").

7.  At the time of commencing its chapter 11 case, Exelco remained subject to its voluntary insolvency proceeding as well as KBC's involuntary insolvency proceeding pending in Belgium. Although prior to seeking relief under the Bankruptcy Code Exelco attempted to renounce its voluntary petition in Belgium on September 26, 2017, the Belgian Court had not yet ruled on Exelco's renunciation request as of the chapter 11 case commencement. The Belgian Court first recognized Exelco's renunciation on September 29, 2017, three days after Exelco commenced its chapter 11 case. At this time, the Belgian Court entered an interim order closing the reorganization procedure but adjourning existing debates concerning KBC's involuntary proceeding until the next hearing date, October 11, 2017.

8. Immediately following its chapter 11 commencement, Exelco filed *Debtors' Motion for the Entry of an Order (I) Enforcing Sections 362 and 365 of the Bankruptcy Code and (II) Confirming the Debtors' Authority with Respect to Postpetition Operations* [Case No. 17-12029, D.I. 3] to stay the pending proceedings before the Belgian Court. Exelco argued that the automatic stay applied to the Belgian proceedings. On September 27, 2017, this Court granted the motion.

9. On October 13, 2017, due to, among other things, failure to file certain financial statements, the apparent loss of $15 million worth of diamonds with no apparent decrease in the company's liabilities in just a six month period, and the multiple (and in some cases, conflicting) filings made by Exelco, the Public Prosecutor of the Court of First Instance of Antwerp (the "Belgian Prosecutor") sent a request (the "Request") to the Belgian Court, seeking the appointment of a provisional administrator to take control of Exelco's assets and determine whether or not bankruptcy proceedings should be commenced.  A copy of the Request is attached to the Administrator Order (defined below) in **Exhibit C**.

10. In making that Request, the Belgian Prosecutor was not seeking any recovery or remuneration on behalf of the Belgian Government or any of its organs or agencies. Instead, his goal, consistent with his office's mandate, was to serve the public policy and ensure an impartial and transparent administration of Exelco's assets for the benefit of its creditors.

11. By Order, also dated October 13, 2017, the Belgian Court granted the Belgian Prosecutor's Request and appointed Mr. Eddy Van Camp as the Provisional Administrator to assume control of Exelco's affairs (the "Administrator Order"). As Provisional Administrator of Exelco, Mr. Van Camp had authority to "take all measures to protect the rights of the company's creditors and may represent the company in litigation at home and abroad,

except for the representation of Exelco in the pending bankruptcy proceedings in Belgium." Administrator Order, at 2. A copy of the Administrator Order is attached hereto as **Exhibit C**.

12. The decision to seek the appointment of the Provisional Administrator by the Belgian Court was made by the Belgian Prosecutor pursuant to and in compliance with his official duties.

13. After his appointment, Mr. Van Camp indicated, in a letter dated October 20, 2017, to Exelco's chapter 11 counsel that, pursuant to the Administrator Order, he was the only legal representative of Exelco. Moreover, Mr. Van Camp withdrew, with immediate effect, any power of attorney Exelco's chapter 11 counsel possessed and urged that their representation of Exelco cease immediately. Mr. Van Camp's actions were well within the authority vested in him as Provisional Administrator. A copy of this letter is attached hereto as **Exhibit D**.

14. Under Belgian law, Mr. Van Camp's appointment as Provisional Administrator was a temporary position held for a 15-day period. During this period, in addition to the pending request by KBC for initiation of an involuntary bankruptcy, either Mr. Van Camp or the Belgian Prosecutor could initiate a bankruptcy proceeding against Exelco. On October 19, 2017, the Belgian Prosecutor initiated such a proceeding via a petition to the Belgian Court seeking an order to declare Exelco bankrupt.

15. On November 2, 2017, the Belgian Court issued the Permanent Order finding Exelco to be bankrupt. The Belgian Court further appointed Mr. Goossens and myself as Trustees in Bankruptcy of Exelco, replacing Mr. Van Camp as the sole representatives of Exelco.

16. On November 3, 2017, the Belgian Court issued judgment on the "Unilateral application seeking exequatur of foreign judgments" filed by the Debtors on October 12, 2017 (the "Exequatur Order"). In their unilateral application, the Debtors requested that the

4

Belgian Court recognize orders issued by this Court to enforce the automatic stay against the pending Belgian proceedings. The Belgian Court rejected the Debtors' request for exequatur, finding that the "Belgian court continues to have jurisdiction in any event with respect to companies whose center of primary interests lie[s] in Belgium." Exequatur Order, at 7. Thus, the Belgian Court found that the Center of Main Interest of Exelco is in Belgium. The Belgian Court further determined that the recognition of Exelco's chapter 11 case would have serious consequences for its creditors. *See* Exequatur Order, at 8. A copy of the Exequatur Order is attached hereto as **Exhibit E**.

17. On November 7, 2017, the Belgian Court issued judgment regarding Exelco's opposition to Mr. Van Camp's appointment as Provisional Administrator (the "Opposition Order"). The Opposition Order declares that "[t]he president [of the Commercial Court of Antwerp] has the opinion that no importance has to be given to the American judgement because Exelco has fraudulently abused the possibility under the American law and Exelco has given chronological fundamental lies to the American court." Opposition Order, at 16. First, the Belgian Court noted that at the October 23 status conference before this Court, Exelco misrepresented that there were no cases pending in Belgium on that date. In the Opposition Order, the Belgian Court reiterated that Exelco's request to renounce its voluntary insolvency petition on September 26, 2017, did not dismiss its Belgian insolvency proceedings. For Exelco to allege otherwise is a direct contradiction of Belgian law. *See* Opposition Order, at 17. Moreover, the Belgian Court found that "Exelco knew very well that a [Belgian] court hearing was scheduled for the 27 of September 2017 and that the court after the pleadings was considering to give judgement on a later date." Opposition Order, at 17. Second, the Belgian Court found that Exelco falsely accused KBC of demanding involuntary action against Exelco on

September 27, 2017, in violation of the automatic stay. Opposition Order, at 17. KBC properly initiated its involuntary insolvency proceeding against Exelco on September 13, well before Exelco's chapter 11 case commencement. A copy of the Opposition Order is attached hereto as **Exhibit F** (in original Dutch, a translated English version will be filed promptly).

18. On November 8, 2017, the Belgian Court issued a certification of our authority as Trustees in Bankruptcy to act in all matters on behalf of Exelco (the "Certification of Authority"). Judge Thomas Van Houtte granted us the "full powers under the Belgian bankruptcy law in order to manage the bankruptcy of Exelco NV, to seize, and, take care of the realization of all assets of that Company wherever they are located." Certification of Authority, at 1. Further, Judge Van Houtte stated, "I also declare hereby that I am aware that the above mentioned trustees in bankruptcy seek recognition as foreign representatives to be granted by the US Courts, and, I fully support and encourage such application for recognition." A copy of the Certification of Authority is attached hereto as **Exhibit G**.

19. Our appointment as Trustees in Bankruptcy of Exelco supplanted Mr. Van Camp's role as Provisional Administrator. Thus, Mr. Goossens and I now have the power and authority to control Exelco's business and assets. We are the only legal representatives of Exelco at this time. We must authorize any action taken by Exelco in its chapter 11 case. We have not authorized the continuation of the chapter 11 case nor the retention of chapter 11 counsel.

20. As a result of our appointment as the Trustees in Bankruptcy of Exelco, Mr. Goossens and I are under an explicit legal obligation under the laws of Belgium to marshal and protect the assets of Exelco and carrying out this obligation is under the supervision of our judge commissioner Mr. Henri Colman.

21. Following our appointment as Trustees in Bankruptcy, our investigation into Exelco's business and assets revealed the following:

- Exelco is based solely in Belgium. Exelco has no offices or employees located in the United States.

- Exelco is not a subsidiary or parent of any of the other chapter 11 debtors.[1] A copy of the Ideal Diamond Group's organizational chart is attached hereto as **Exhibit H**.

- All of Exelco's principal non-insider creditors are based in Belgium or Europe.

- There are no other foreign proceedings that give power to control Exelco's business or assets.

22. On November 9, 2017, the Belgian Prosecutor notified us by letter that a criminal investigation of Exelco has commenced, focusing on "strong indications of embezzlement of the assets of Exelco Nv and misappropriation of seized assets." A copy of the letter is attached hereto as **Exhibit I**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 10, 2017
Antwerp, Belgium

_____
Frans De Roy, Permanent Trustee in Bankruptcy of Exelco NV

11431521.1

---

[1] The other chapter 11 debtors are Exelco North America, Inc., FTK Worldwide Manufacturing BVBA, Ideal Diamond Trading USA Inc., and Ideal Diamond Trading Limited.